<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALEXIS CLYBURN,<br><br>    Plaintiff,<br><br>    v.<br><br>LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>    Defendant. | No. 24cv7109 (EP) (JRA)<br><br>**OPINION** |

**PADIN, District Judge.**

Plaintiff Alexis Clyburn brings an action under the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* ("ERISA") against Defendant Lincoln National Life Insurance Company ("Defendant" or "Lincoln") alleging that her short-term disability benefits claim was improperly denied. D.E. 1 ("Complaint" or "Compl."). Lincoln moves to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56. D.E. 11 ("Motion"), 11-1 ("Br."). Plaintiff opposes. D.E. 12 ("Opp'n"). Defendant replies. D.E. 14 ("Reply"). As discussed *infra,* the Court will convert the Motion into a summary judgment motion. The Court has reviewed the parties' submissions and decides the Motion without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons set forth below, the Court will **GRANT** Defendant's Motion.

I.     **BACKGROUND**[1]

Plaintiff was employed by Brother International Corporation ("Brother") from February 28, 2017 to January 9, 2024. Def. Facts ¶ 2. On or about November 2, 2023, Plaintiff applied for

---

[1] The facts are drawn from Defendant's Statement of Undisputed Material Facts, D.E. 11-2, ("Def. Facts"); Plaintiff's Responsive Statement of Material Facts, D.E. 12-1, ("Pl. Facts"); Plaintiff's

short-term disability benefits through the Employee Welfare Benefit Plan (the "Plan"). *Id.* ¶ 3. Brother advanced payments to Plaintiff in connection with her benefits application. *Id.* ¶ 11. Defendant provides administrative services to Brother in connection with the Plan. *Id.* ¶ 4. Plaintiff alleges that Defendant paid the benefits thereafter from November 23, 2023 to December 3, 2023, before terminating payment by letter on January 3, 2024. *Id.* ¶¶ 5-6. Plaintiff appealed the denial on January 19, 2024, which was denied by Defendant on May 3, 2024. *Id.* ¶ 7.

Plaintiff resigned from Brother and executed a Confidential Separation Agreement and General Release on February 11, 2024. *Id.* ¶ 8 (citing D.E. 11-3 ("Heslin Cert."), Ex. A) (the "Agreement"). The Agreement states that it is intended to "benefit [Brother's] parent, its affiliates, and each of [Brother's] respective officers, directors, partners, employees, attorneys and **agents**[.]" Agreement at 1 (emphasis added). As part of the Agreement, Brother forgave the repayment of advanced payments it made to Plaintiff in connection with her short-term disability benefits application. Def. Facts ¶ 11. Plaintiff also released and discharged Brother and its agents from any and all ERISA claims. *Id.* ¶ 12. Specifically, the Agreement states:

> Employee . . . (collectively, "Releasors") hereby voluntarily, irrevocably, and unconditionally releases and forever discharges BIC, Brother and their shareholders, partners, parent organizations, predecessors, successors, assigns, subsidiaries, affiliates and each of their respective agents, insurers, directors, officers, employees, attorneys, representatives, trustees, and all persons acting through, by, under, or in concert with any of the above (collectively, "Releasees" or "Released Parties"), from any and all claims, demands, causes of action, and liabilities of any kind . . . whether known or unknown, which Releasors ever had, now has, or may

---

Supplemental Statement of Disputed Material Facts, *id.*, ("Pl. Supp. Facts"); Defendant's Response to Plaintiff's Supplemental Statement of Disputed Material Facts, D.E. 14-1, ("Def. Resp. Facts"); and the exhibits referenced in these submissions. Local Civil Rule 56.1(a) states that where parties opposing summary judgment disagree with the movant's statement of material facts, they must indicate "each material fact in dispute and cit[e] to the affidavits and other documents submitted in connection with the motion.'" A standalone citation to one party's Rule 56.1 statement denotes that the Court has deemed the underlying factual allegation undisputed.

2

> hereafter have against Releasees by reason of any action, omission, transaction, or occurrence from the beginning of time and occurring up to and including the Effective Date. Without limiting the generality or force or effect of the foregoing general release from Releasors, this release shall include but not be limited to releases of any and all claims arising, directly or indirectly, from . . . any and all claims under . . . the Employee Retirement Income Security Act of 1974[.]

Agreement ¶ 3.

## II.  LEGAL STANDARD

In resolving a motion to dismiss under Fed. R. Civ. P. 12(b)(6), courts may not consider "matters extraneous to the pleadings." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). An exception exists for documents "integral to or explicitly relied upon in the complaint." *Id.* (cleaned up). If "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). It is within the Court's discretion to convert a motion to dismiss into one for summary judgment. *Kurdyla v. Pinkerton Sec.*, 197 F.R.D. 128, 131 (D.N.J. 2000). Although notice to the parties is typically required before such a conversion, *Garofola v. Vela Research USA, Inc.*, No. 14-2505, 2015 WL 3866238, at *1 (D.N.J. June 19, 2015), "motions for summary judgment that are presented to the court as motions in the alternative constitute sufficient notice to a non-moving party that the court may convert a motion to dismiss into a motion for summary judgment." *Carver v. Plyer*, 115 F. App'x 532, 536 (3d Cir. 2004) (internal citation omitted).

Here, Defendant's Motion is predicated entirely upon the terms of the Agreement, which is neither referenced nor integral to Plaintiff's Complaint. Furthermore, Defendant's motion is titled "motion to dismiss, or in the alternative, for summary judgment." Motion. Plaintiff's brief is fashioned as one "in opposition to defendant's motion to dismiss . . . or in the alternative for summary judgment[.]" Opp'n. Plaintiff provided a responsive statement of material facts, Pl.

3

Facts, and a supplemental statement of disputed facts, Pl. Supp. Facts. Plaintiff also did not object to conversion or request discovery. It is clear Plaintiff had sufficient notice such that the Court may consider materials beyond the pleadings. *Davis v. Phelan Hallinan & Diamond PC*, 687 F. App'x 140, 143 (3d Cir. 2017). Accordingly, the Court will treat Defendant's Motion as one for summary judgment.

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is appropriate if "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). "A fact is material if it might affect the outcome of the case, and an issue is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Nissan World, LLC v. Mkt. Scan Info. Sys.*, No. 05-2839, 2014 WL 1716451, at *4 (D.N.J. Apr. 30, 2014) (quoting *Anderson*, 477 U.S. at 248). Facts and inferences must be construed in the light most favorable to the nonmoving party. *Id.* (citing *Peters v. Del. River Port Auth. of Pa. & N.J.*, 16 F.3d 1346, 1349 (3d Cir. 1994)).

It is the moving party's burden to establish that no genuine dispute of material fact remains. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). But where the nonmoving party "bears the burden of proof on an issue, 'the burden on the moving party may be discharged by 'showing'— that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case.'" *Nissan World*, 2014 WL 1716451, at *4 (quoting *Celotex*, 477 U.S. at 325).

Once the moving party has met its initial burden, the burden shifts to the nonmoving party to "present actual evidence that creates a genuine issue as to a material fact for trial." *Virginia St. Fidelco, L.L.C. v. Orbis Prods. Corp.*, No. 11-2057, 2016 WL 4150747, at *2 (D.N.J. Aug. 3, 2016) (citing *Anderson*, 477 U.S. at 248; Fed. R. Civ. P. 56(c)). Nevertheless, the nonmoving

4

party "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), and "unsupported allegations . . . and pleadings are insufficient to repel summary judgment," *Schoch v. First Fid. Bancorporation*, 912 F.2d 654, 657 (3d Cir. 1990).  Finally, if the nonmoving party fails "to make a showing sufficient to establish the existence of an element essential to [its] case, and on which that party will bear the burden of proof at trial . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 n.5 (3d Cir. 1992) (quoting *Celotex*, 477 U.S. at 322-23).

### III.  ANALYSIS

#### A.  The Agreement is Enforceable

Defendant argues the Agreement released the ERISA claims brought against it here.  Br. at 9-10.  Plaintiff, seemingly conceding, but sidestepping, the enforceability of the release language in the Agreement, argues that ERISA governs and Defendant may not now rely on the Agreement to justify its denial of payment.  Opp'n at 3.  The Court agrees with Defendant.

As a threshold matter, valid releases may bar ERISA claims.  *Romero v. Allstate Ins. Co.*, 344 F. App'x 785, 793 (3d Cir. 2009).  The Court must therefore first determine whether the release language is valid.  "Employees may waive employment claims against their employers so long as the waiver is made 'knowingly and willfully.'" *Cuchara v. Gai-Tronics Corp.*, 129 F. App'x 728, 730 (3d Cir. 2005) (quoting *Coventry v. United States Steel Corp.*, 856 F.2d 514, 522 (3d Cir. 1988)).  The Third Circuit applies a totality of the circumstances test, requiring consideration of factors including, but not limited to, the following:

> (1) the clarity and specificity of the release language; (2) the plaintiff's education and business experience; (3) the amount of time

> plaintiff had for deliberation about the release before signing it; (4) whether plaintiff knew or should have known his rights upon execution of the release; (5) whether plaintiff was encouraged to seek, or in fact received the benefit of counsel; (6) whether there was an opportunity for negotiation of the terms of the Agreement; and (7) whether the consideration given in exchange for the waiver and accepted by the employee exceeds the benefits to which the employee was already entitled by contract or law.

*Id.* at 731.

Upon consideration of these factors, the Court finds that Plaintiff's waiver was knowing and willful. First, the release language was clear and specific. It states that Plaintiff "voluntarily, irrevocably, and unconditionally releases" Brother and its agents from "any and all claims," including those brought under ERISA. Agreement ¶ 3. Next, the extent of Plaintiff's education and business experience is unknown to the Court, but at minimum, she worked at Brother from 2017 to 2024. Def. Facts ¶ 2. Additionally, Plaintiff had at least ten days to deliberate about the release prior to signing, as the Agreement was dated February 11, 2024 and Plaintiff's electronic signature is dated February 21, 2024. Agreement at 1, 9. The Agreement also states that Plaintiff "was advised to consult with an attorney or legal advisor before signing the Agreement or Release." *Id.* ¶ 2. Lastly, in exchange for the waiver, Plaintiff's obligation to repay the payments received in connection with her short-term disability benefits application were forgiven and canceled. *Id.* ¶ 1b.

The Court therefore finds that the totality of the circumstances demonstrates that Plaintiff knowingly and willfully waived her claims by signing the Agreement. Plaintiff herself admits that she released Brother and its agents from ERISA claims. Pl. Facts ¶ 12. She also does not substantively address the argument in briefing. *See Griglak v. CTX Mortg. Co., LLC*, No. 09-5247, 2010 WL 1424023, at *3 (D.N.J. Apr. 8, 2010) ("The failure to respond to a substantive argument to dismiss a count, when a party otherwise files opposition, results in a waiver of that count."); *see*

*also O'Neal v. Middletown Twp.,* No. 18-5269, 2019 WL 77066, at *3 (D.N.J. Jan. 2, 2019) (finding plaintiffs conceded point regarding police department's dismissal because they failed to present substantive argument in opposition).

Plaintiff's argument that an ERISA administrative record may not be supplemented with *post hoc* explanations is a red herring. Opp'n at 3. It is true that the record for arbitrary-and-capricious review of ERISA benefits denial generally "cannot be supplemented during litigation." *Kosiba v. Merck & Co.*, 384 F.3d 58, 67 n.5 (3d Cir. 2004). But this is because it is "problematic" to "recognize an administrator's discretion to *interpret* a plan" and "on the other hand, allow the administrator to 'shore up' a decision after-the-fact by testifying as to . . . possible deficiencies in the decision[.]" *Skretvedt v. E.I. DuPont de Nemours and Co.*, 268 F.3d 167, 177 n.8 (3d Cir. 2001) (internal citation omitted) (emphasis added), *abrogated on other grounds by Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008). Such supplementation typically deals in additional medical information. *See, e.g.*, *Abnathya v. Hoffman-La Roche, Inc.*, 2 F.3d 40, 48 n.8 (3d Cir. 1993), *abrogated on other grounds by Glenn*, 554 U.S. at 112. Here, the Agreement neither supplements the administrative record nor is used to justify the merits of the decision to deny payment. It was indisputably signed by Plaintiff, Opp'n at 3, and therefore releases ERISA claims "from the beginning of time and occurring up to and including the Effective Date." Agreement ¶ 3.

B.     **The Agreement Applies to Defendant, as Brother's Agent**

Having found that the Agreement is valid, the Court next addresses whether it precludes Plaintiff from bringing an ERISA claim against *Defendant* specifically. It does.

"An agency relationship is created when one party consents to have another act on its behalf, with the principal controlling and directing the acts of the agent." *AT&T v. Winback and Conserve Program, Inc.*, 42 F.3d 1421, 1434 (3d Cir. 1994) (cleaned up). Here, the Plan explains that Defendant "provides non-fiduciary claim processing services to the Plan." Heslin Cert., Ex. D. Lincoln clearly vested authority upon Defendant to process services to the Plan on its behalf. The Agreement's plain terms preclude Plaintiff from bringing ERISA claims against Brother's agents. Agreement ¶ 3. Plaintiff again does not contest this point in briefing. *See Griglak*, 2010 WL 1424023, at *3; *O'Neal*, 2019 WL 77066, at *3. The Court therefore finds that the Agreement bars Plaintiff's Complaint.

### C. The Court Will Not Award Attorneys' Fees

Lastly, Defendant asks the Court to award it attorneys' fees pursuant to the Agreement. Br. at 13. However, Defendant slightly misrepresents the language of the Agreement, which states that parties in breach of the Agreement shall be liable for attorneys' fees and costs "incurred by the other party in *bringing and prosecuting an action for breach of the Agreement*." Agreement ¶ 8 (emphasis added). Defendant is not seeking relief for breach; it is moving to dismiss Plaintiff's ERISA action. Accordingly, the Court will not award attorneys' fees.

## IV. CONCLUSION

For the reasons above, the Court will **GRANT** Defendant's Motion. D.E. 11. An appropriate Order accompanies this Opinion.

Dated: January 16, 2025

*[signature]*

Evelyn Padin, U.S.D.J.